IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| J.B. HUNT TRANSPORT, INC.<br>615 J.B. Hunt Corporate Drive<br>Lowell, Arkansas 72745<br><br>  Plaintiff,<br><br>v.<br><br>PYRAMID MOVING INC. f/k/a PYRAMID MOVING LLC d/b/a LONGHORN CARGO<br>5845 Horton Street, Unit 2<br>Mission, Kansas 66202<br><br>  SERVE:<br>  Umid Alexander Olimov, Registered Agent<br>  5845 Horton Street, Unit 2<br>  Mission, Kansas 66202<br><br>  Defendant. | Civil Action No: _____ |

## COMPLAINT

Plaintiff, J.B. Hunt Transport, Inc. ("JBH"), by and through its undersigned attorneys, files this Complaint against Defendant Pyramid Moving Inc. f/k/a Pyramid Moving LLC d/b/a Longhorn Cargo ("Defendant"), stating as follows:

## PARTIES

1. JBH is a Georgia corporation with its principal place of business located at 615 J.B. Hunt Corporate Drive, Lowell, Arkansas 72745.

2. JBH is a motor carrier properly licensed and authorized by the Federal Motor Carrier Safety Administration ("FMCSA") to provide transportation services in interstate commerce for its customers throughout the United States. JBH is also a broker properly licensed

1

and authorized by the FMCSA to arrange for the transportation of property by motor carrier for compensation.

3. Defendant is a Kansas corporation with its principal place of business located at 5845 Horton Street, Unit 2, Mission, Kansas 66204.

4. Defendant is a motor carrier licensed and authorized by the FMCSA to provide transportation services in interstate commerce. Defendant was assigned USDOT Number 2210417.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1332(a)(1) as there is complete diversity among the parties and the amount in controversy exceeds $75,000.

6. This Court also has jurisdiction over this action pursuant to 18 U.S.C. § 1964.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) as Defendant's principal place of business is located in Johnson County, Kansas.

8. Venue is also proper in this jurisdiction pursuant to 18 U.S.C. § 1965 because Defendant is subject to personal jurisdiction in this judicial district and resides in this district.

## FACTS COMMON TO ALL COUNTS

9. JBH, in conjunction with its business operations is a transportation service provider that owns, or leases commercial trailers used to transport freight.

10. In 2017, JBH launched its on-line digital freight platform called J.B. Hunt 360°® ("Carrier 360°"), which uses artificial intelligence to match capacity with freight.

11. Carrier 360° was launched to help small fleets and owner-operators reduce the time it takes to find loads.

12. The digital platform includes predictive truckload and real-time visibility into load statuses and available capacity.

13. Carrier 360° improves shippers' and carriers' efficiency in the marketplace.

14. For motor carriers like Defendant, the Carrier 360° platform helps them find and book loads.

15. The Carrier 360° platform requires motor carriers to sign up and become part of the program before having access to the loads available for transportation.

16. One of the many features of Carrier 360° is J.B. Hunt 360box® ("360box").

17. 360box is a proprietary JBH drop-trailer program that provides motor carriers who are part of the Carrier 360° platform the ability to use an on-line app to search for loads to transport.

18. The 360box program involves the use of JBH owned trailers that are at shippers' facilities and other designated locations, either empty or pre-loaded with freight and available for JBH authorized carriers to transport.

19. Only carriers that are authorized contract carriers of JBH are permitted to access the on-line app to find JBH trailers to hook up to and transport.

20. On or about February 18, 2019, JBH and Defendant[1] entered an Outsource Carriage Agreement ("OCA"), whereby JBH agreed on a non-exclusive basis to broker freight to Defendant for transportation.

21. As an authorized JBH carrier, Defendant had access to the Carrier 360° platform and 360box.

22. On August 25, 2020, because of Defendant's misuse of JBH trailers to transport non-JBH customers' freight, JBH terminated the OCA with Defendant and placed Defendant in

---

[1] The OCA was entered into between JBH and Link Auto Transport, UDOT 2210417. Link Auto Transport was one of the prior names of Defendant.

"Rejected" status in the Carrier 360° platform, thereby precluding Defendant from being brokered any loads by JBH and terminating Defendant's access to the Carrier 360° platform and 360box.

23. The termination of Defendant in August 2020 extinguished any right that Defendant had to use or possess JBH trailers.

24. The termination of Defendant in August 2020 also terminated Defendant's access to Carrier 360° and 360box.

25. After being terminated in August 2020, Defendant attempted to access and sign a new OCA and Interchange Agreement with JBH.

26. Because of Defendant's prior breaches of the OCA and its inability to perform in accordance with JBH's expectations, JBH refused to take Defendant back on as a motor carrier or to remove them from "Rejected" status.

## Defendant's Unlawful and Wrongful Use of JBH Trailers

27. On May 7, 2021, Defendant unlawfully used JBH trailer #661525 after being told to release the trailer and refusing to do so until it was released the next day in a yard in Pennsylvania.

28. On May 9, 2021, Defendant unlawfully used JBH trailer # 674212 to transport non-JBH loads. Defendant then released the trailer in Tracy, California.

29. On June 17, 2021, Defendant unlawfully used JBH trailer #668006 to transport non-JBH loads and only released the trailer after being confronted at the loading facility.

30. On July 8, 2021, Defendant unlawfully used JBH trailer #801133 to move non-JBH loads and then dumped the JBH trailer at a United Parcel Service lot.

31. On August 12, 2021, Defendant unlawfully used six (6) JBH trailers (#'s 660881, 662145, 670625, 671143, 800328, 668785) to transport non-JBH loads.

32. On September 17, 2021, Defendant unlawfully used JBH trailer #673303 to move non-JBH loads and abandoned the trailer in Nashville, Tennessee.

33. On November 1, 2021, Defendant unlawfully used JBH trailer #660665 to transport non-JBH loads.

34. On November 10, 2021, Defendant unlawfully used JBH trailer #800455 to transport non-JBH loads until it was released at a facility in Virginia.

35. On December 2, 2021, Defendant was reported loading JBH trailer #669894 with a non-JBH load in Kansas City, Missouri. Defendant was advised to turn around and unload the JBH trailer and drop it at a JBH terminal. Defendant failed to do so and delivered its load. Defendant did eventually drop the JBH trailer at the JBH terminal in St. Louis, Missouri.

36. On December 12, 2021, Defendant unlawfully used JBH trailer #800507 to transport non-JBH loads and then abandoned the trailer at a FedEx facility in Wilmington, Massachusetts.

37. On December 14, 2021, Defendant was reported as having JBH trailer #802373 hidden in a wooded lot in New Jersey. After JBH notified Defendant that JBH was aware of Defendant's actions in hiding the trailer, Defendant dumped the trailer at a Burlington Coat Factory Distribution Center.

38. On December 16, 2021, Defendant unlawfully used JBH trailer #670625 but had parked it and stopped using it.

39. On January 25, 2022, Defendant unlawfully used JBH trailer #803925 to transport non-JBH loads.

40. On February 1, 2022, Defendant was reported as driving recklessly while unlawfully using JBH trailer #664444. Defendant was notified to drop the trailer off at the JBH facility in Louisville, Kentucky.

41. On July 10, 2022, Defendant, after unlawfully using JBH trailer #671136, dropped it off with tires missing. Defendant took another empty JBH trailer from the Wayfair facility in Cranbury, New Jersey.

42. On August 3, 2022, Defendant was seen hooked up to JBH trailer #660977 in Duncan, Oklahoma. At the request of JBH, Defendant unhooked from the trailer.

43. On August 11, 2022, Defendant unlawfully used JBH trailer #804641 to transport non-JBH loads.

44. On August 13, 2022, Defendant unlawfully used JBH trailer #803281 to transport non-JBH loads.

45. On August 24, 2022, Defendant unlawfully used JBH trailer #662151 to transport non-JBH loads.

46. On September 8, 2022, Defendant unlawfully used JBH trailer #805714.

47. On September 9, 2022, Defendant unlawfully used JBH trailer #670849.

48. On September 23, 2022, Defendant unlawfully used JBH trailer #804241 to transport non-JBH loads.

49. On October 1, 2022, Defendant unlawfully used JBH trailer #679360.

50. On October 5, 2022, Defendant unlawfully used JBH trailer #804640.

51. On October 12, 2022, Defendant unlawfully used JBH trailer #660417.

52. On October 17, 2022, Defendant unlawfully hooked up to JBH trailer #803756 at a Walmart distribution center in Brookhaven, MS.

53. On October 25, 2022, Defendant unlawfully used JBH trailer #800684.

54. On October 25, 2022, Defendant unlawfully used JBH trailer #664905 to transport non-JBH loads.

55. At all times relevant to the allegations set forth herein, Defendant's use or possession of JBH trailers was unauthorized and unlawful.

56. At all times relevant to the allegations set forth herein, Defendant's attempted use or use of Carrier 360° and 360box to hook up to and transport JBH trailers was unauthorized and unlawful.

57. Defendant's use or possession of JBH trailers after August 2020 was an abuse of its prior contractual relationship with JBH.

58. Defendant's use of 360box to find JBH trailers and transport JBH trailers after August 2020 was an abuse of its prior contractual relationship with JBH.

59. Upon learning that Defendant was in possession of or using JBH trailers in furtherance of Defendant's own business interests without JBH's authorization, JBH demanded that Defendant stop using the trailers.

60. As of the date of filing this Complaint, Defendant has refused to refrain from unlawfully using JBH trailers and, based upon information and belief, is continuing to use JBH trailers to haul freight for its own customers or the customers of other freight brokers.

61. Defendant does not own the JBH trailers, does not lease the JBH trailers, and has no other legal interest in or possessory right to the JBH trailers.

62. JBH has legal title, or valid leases, to the trailers and has the sole possessory right to the trailers.

63. When Defendant uses or possess the trailers, JBH is unable to use the trailers for use in JBH's business.

64. JBH has sustained significant damages because of Defendant's illegal and unauthorized conversion of JBH's trailers for Defendant's own use, including, but not limited to loss of use, lost profits, lost revenue, and attorneys' fees.

65. Defendant is a person as defined by 18 U.S.C. § 1961(3) who conducted an enterprise.

66. Defendant's non-employee contract drivers operating under Defendant's federal operating authority are an "enterprise" as defined by 18 U.S.C. § 1961(4).

67. Defendant's use of an entity named BJJ Enterprises, LLC ("BJJ Enterprises") is also an "enterprise" as defined by 18 U.S.C. § 1961(4).

68. As set forth above in paragraphs 27 to 54, Defendant conducted an enterprise in interstate commerce through a pattern of racketeering activity as defined in 18 U.S.C. § 1961(d) through the use of and management of its non-employee contract drivers and BJJ Enterprises.

69. Defendant's acts were related and continuous having occurred over a period of nearly one and half years and are not isolated events.

70. If not stopped, Defendant's criminal activity will continue to occur.

71. As a direct result of the criminal activity of Defendant, which falls squarely within the Racketeering Influenced and Corrupt Organizations Act ("RICO"), JBH has been damaged. *See* 18 U.S.C. § 1961 *et seq*.

### COUNT I – RICO § 1962(c)

72. JBH hereby incorporates Paragraphs 1-71 of its Complaint as if fully stated herein.

73. The non-employee contract drivers used by Defendant and Defendant's use of BJJ Enterprises constitute an enterprise engaged in and whose activities affect interstate commerce. Defendant is associated with this enterprise.

74. Defendant agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding JBH through its unlawful and unauthorized use of JBH trailers over a period of nearly one and half years as described in paragraphs 27 through 54.

75. Pursuant to and in furtherance of its fraudulent scheme, Defendant committed multiple related unlawful acts by hooking up to and using JBH trailers that Defendant was not permitted to use.

76. The acts set forth above in paragraphs 27 through 54 constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

77. Defendant has directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above, in violation of 18 U.S.C. § 1962(c).

78. As a direct and proximate result of Defendant's racketeering activities and violations of 18 U.S.C. § 1962(c), JBH has been injured in its business and property in that JBH has been deprived the use of its trailers resulting in lost revenue and has had to incur costs to repair JBH trailers damaged by Defendant.

WHEREFORE, Plaintiff J.B. Hunt Transport, Inc. respectfully requests judgment against Defendant for actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), treble damages, all costs, and attorney's fees and any such other and further relief as this Court deems just and appropriate

## COUNT II - CONVERSION

79. JBH hereby incorporates Paragraphs 1- 78 of its Complaint as if fully stated herein.

80. JBH has the sole right to possess and exercise control over the JBH trailers identified above.

81. Defendant has intentionally interfered with JBH's rights to possess and exercise control over the JBH trailers identified above.

82. Defendant's continued detention or use of the JBH trailers was and is inconsistent with JBH's right to possess the trailers.

83. As a result of Defendant's actions, JBH has suffered and will continue to suffer substantial harm and damages, including but not limited to, lost revenue, lost profits and other damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff J.B. Hunt Transport, Inc. demands judgment against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00), plus punitive damages, all costs, attorney's fees, and expenses of this action, and any such other and further relief as this Court deems just and appropriate.

## COUNT III - TRESPASS TO CHATTEL

84. JBH hereby incorporates by reference Paragraphs 1-83 of this Complaint as if fully set forth herein.

85. JBH has the sole right to possess and exercise control over the JBH trailers identified above.

86. Defendant has intentionally interfered with JBH's rights to possess and exercise control over the trailers identified above.

87. Defendant's continued detention or use of the JBH trailers was and is inconsistent with JBH's right to possess the Trailers.

88. As a result of Defendant's actions, JBH has suffered and will continue to suffer substantial harm and damages, including but not limited to, lost revenue, lost profits and other damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff J.B. Hunt Transport, Inc. demands judgment against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00), plus punitive damages, all costs, attorney's fees, and expenses of this action, and any such other and further relief as this Court deems just and appropriate.

## COUNT IV - UNJUST ENRICHMENT

89. JBH hereby incorporates by reference Paragraphs 1- 88 of this Complaint as if fully set forth herein.

90. Defendant received a benefit in the form of earning revenue from the use of the JBH trailers without payment to JBH.

91. Defendant has knowledge and appreciation of the benefit.

92. Defendant intended to receive the benefit by intentionally and unlawfully taking possession of the JBH trailers and placing them into use for Defendant's own purposes.

93. Defendant accepted and retained the benefit without payment to JBH for the use of the trailers.

94. JBH has been damaged by the wrongful actions of Defendant.

WHEREFORE, Plaintiff J.B. Hunt Transport, Inc. respectfully requests judgment against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00), plus punitive damages, all

costs, attorney's fees, and expenses of this action, and any such other and further relief as this Court deems just and appropriate.

                                                Respectfully Submitted,

                                                /s/ *David M. Buffo*
David M. Buffo           KS #21399
HALBROOK WOOD, P.C.
3500 W 75th Street, Suite 300
Prairie Village, KS 66208
Tel: 913-529-1188
Fax: 913-529-1199
Email: dbuffo@halbrookwoodlaw.com

**ATTORNEYS FOR PLAINTIFF**
**J.B. HUNT TRANSPORT, INC.**