UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

J.B. HUNT TRANSPORT, INC.,

    Plaintiff,

v.

Case No. 22-2457-HLT-BGS

PYRAMID MOVING, INC. F/K/A PYRAMID MOVING, LLC D/B/A LONGHORN CARGO,

    Defendant.

## MEMORANDUM & ORDER GRANTING MOTION TO AMEND

This matter comes before the Court on the Motion for Leave to File Second Amended Complaint filed by Plaintiff J.B. Hunt Transport, Inc. (hereinafter "JBH" or "Plaintiff").[1] (Doc. 46.) Plaintiff seeks leave to add Umid Olimov ("Olimov") as an individual Defendant in addition to Fatboy Logistics, Inc. ("Fatboy") and BJJ Enterprises, LLC ("BJJ Enterprises") as corporate Defendants. (*See id.*) Defendant Pyramid Moving, Inc. f/k/a Pyramid Moving LLC d/b/a Longhorn Cargo ("hereinafter "Longhorn" or "Defendant") opposes the motion. (Doc. 48.) For the reasons stated herein, the Court **GRANTS** the motion (Doc. 46).

## BACKGROUND

Plaintiff initiated this lawsuit by filing its Complaint on November 9, 2022, alleging active and ongoing misconduct by Defendant, in particular relating to Defendant's unlawful and wrongful use of

---

[1] The Court instructs counsel to review D. Kan. Rule 15.1 regarding Motions to Amend. Subsection (a)(3) of that rule indicates that a moving party represented by counsel must attach the proposed amended pleading as well as "also attach a redlined version of the proposed amendment that shows all proposed changes to the pleading[.]" The Court notes that rather than attach a copy of the proposed amended pleading and a redlined version, Plaintiff has attached one copy of the proposed amended pleading in which all proposed changes appear to be bolded, rather than redlined. (Doc. 46-1.) For the sake of judicial economy, the Court will not deny the motion on this basis or require Plaintiff to submit the requisite redlined copy. Counsel will, however, be expected to do so in the future.

Plaintiff's trailers. (Doc. 1.) Defendant answered on February 15, 2023, generally denying Plaintiff's allegations.

With leave of the Court, Plaintiff filed its First Amended Complaint on May 24, 2023, which is currently the operative Complaint in this case, alleging racketeering, conversion, trespass to chattel, unjust enrichment, and seeking preliminary and permanent injunctive relief. (Doc. 25.) Defendant's Answer followed on June 5, 2023. (Doc. 27.)

Thereafter, on August 31, 2023, Defendant filed a Petition for Bankruptcy in the United States Bankruptcy Court for the District of Kansas. This resulted in the undersigned Magistrate Judge entering a stay of the present case pending the conclusion of the bankruptcy proceedings. (Doc. 38.) The stay was lifted on January 9, 2024 (Doc. 43, text Order), followed by a Scheduling Conference on January 23, 2024. During the Scheduling Conference, the undersigned Magistrate Judge entered a deadline of March 1, 2024, for the filing of any motions to amend. (Doc. 45, text Scheduling Order.) Thus, the present motion, filed March 1, 2024,(Doc. 46), is timely filed.

This motion seeks leave to name Olimov as an individual Defendant in addition to Fatboy and BJJ Enterprises as corporate Defendants. (Doc. 46.) In the motion, Plaintiff alleges that during the course of discovery, it

> learned of several new instances of trailer misuse by Defendant Longhorn. In investigating these instances of misuse, [Plaintiff] learned that the degree of misuse extended beyond [Defendant's] own misuse of the trailer, and extended to several other entities that were misusing [Plaintiff's] trailers under the direction and control of [Defendant's] owner, [Olimov].

(*Id.*, 2.) Plaintiff more specifically alleges that it learned that Fatboy and BJJ Enterprises were unlawfully using Plaintiff's trailers under Olimov's direction and instruction. (*Id.*)

Plaintiff contends that it should be allowed to amend because Olimov "has the knowledge and participation in fraud to support piercing the corporate veil" to be named "in his individual capacity." (Doc. 46, at 6, ¶ 35.) Plaintiff's position is based on Olimov's testimony in which he appeared as

2

Defendant's 30(b)(6) representative[2] as well as Plaintiff's continued investigation. (*See id.*, at 3-4; *see also* Doc. 46-2.) Without providing further explanation, insight, or discussion of Olimov's deposition testimony, Defendant categorically denies knowledge or participation by Olimov that would support piercing the corporate veil. (*See* Doc. 48, at ¶ 19.)

Plaintiff contends that its counsel asked Olimov about the relationship he and his company have with Fatboy and BJJ Enterprises. According to Plaintiff, Olimov testified "that he was not an owner or member of either entity and merely acted as a middleman between trailer dispatch services and the entities" and would "get paid a fee for booking each load." (Doc. 46, at ¶¶ 21-23.) Defendant does not deny Plaintiff's characterization of Olimov's testimony. (*See* Doc. 48 (containing no admission or denial of Plaintiff's ¶¶ 21-23).)

As discussed above, Defendant filed for bankruptcy during the pendency of this action. During the bankruptcy proceedings, the United States Trustee ("UST") investigated both Defendant and Olimov, including their connections to other entities. (*See* Doc. 46-3, at 9-10.) The UST made several findings regarding Defendant's corporate structure and connection to Fatboy and BJJ Enterprises, in addition to findings as to Olimov's connections to the companies. (*Id.*) The UST noted Olimov's testimony during the bankruptcy proceedings[3] that he and Defendant Longhorn had no relationship with BJJ Enterprises.

That stated, the UST found that this testimony was contrary to records of the Illinois and Missouri Secretaries of State, which the UST found

> paint a picture of a network of interwoven entities that are now trying to shed Pyramid, which has been stripped of assets and left with millions in lawsuit liabilities. Olimov is … the President of [Fatboy]. He was the managing member of Longhorn Truck Repair, LLC until more than a month after this bankruptcy was filed, and is the registered

---

[2] This deposition occurred on August 16, 2023 (Doc. 46-2), a matter of weeks before the filing of notice of Defendant's bankruptcy and the resulting stay of the present case.
[3] This testimony was available in the bankruptcy proceedings by audio transcript only rather than transcribed exhibit. (Doc. 46-3, n.4.)

3

> agent for Longhorn Truck Sales, LLC.  He was the registered agent for BJJ Enterprises, LLC from 2019 to February 14, 2023, when Ziyoda Shoniyozovna took over.  Olimov is the current registered agent for BJJ Enterprises Holding, Inc.

(Doc. 46-3, at 9-10 (footnotes/citations omitted).)  In response to Plaintiff's motion, Defendant again simply categorically denies that this occurred without providing further explanation, insight, or discussion of Olimov's testimony or the findings of the UST.  (See Doc. 48, at ¶ 11.)

## ANALYSIS

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading once as a matter of course, either before the responding party answers or within 21 days after service of a responsive pleading.  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  As an initial matter, the Court notes that Plaintiff was given a deadline of March 1, 2024, to file the present motion.  While the motion was timely filed, Plaintiff must still establish that it is entitled to leave from the Court to amend.

It is well-settled that in ruling on a motion for leave to amend, courts are instructed to "freely give leave when justice so requires," and only deny leave to amend for reasons such as undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, and futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Cohen v. Longshore*, 621 F.3d 1311 (10th Cir. 2010).  *See also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  Thus, "[a] court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason."  *Bradshaw v. Lappin*, 484 F. App'x 217, 225 (10th Cir. 2012).

Defendant's response to Plaintiff's motion lacks any discussion or legal analysis of the above-listed *Foman* factors.  Rather, Defendant's response merely "denies" certain allegations and/or the characterization of certain facts contained in Plaintiff's motion.  (*See generally* Doc. 48.)  As such,

the Court has no basis to find that Plaintiff's requested amendment suffers from undue delay, bad faith or dilatory motive by Plaintiff, undue prejudice to Defendant, and/or that the requested amendment would be futile.  Defendant merely disagrees with Plaintiff's characterization of certain facts to be alleged in the amended pleading.  This, in effect, is appropriate content for an Answer to the proposed amended pleading rather than a basis for the Court to deny Plaintiff's request for leave to amend.  Further, the Court's substantive review of Plaintiff's motion finds that there was no undue delay, bad faith, or dilatory motive by Plaintiff in requesting the amendment, allowing the amendment would cause no undue prejudice to Defendant, and the requested amendment would not be considered futile for purposes of this analysis.  As such, Plaintiff's motion is **GRANTED**.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that Plaintiff's proposed Second Amended Complaint file by filed, in the form attached to Plaintiff's motion (with the bolding removed, *see* n.1, *supra*), on or before March 26, 2024.

Dated March 12, 2024, at Wichita, Kansas.

/S/ BROOKS G. SEVERSON
Brooks G. Severson
U.S. Magistrate Judge